EDWARD I. KNIGHT *vs.* INFANTRY HALL AUDITORIUM CO.

JUNE 25, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Bills and Notes. Notice of Dishonor. Place of Business.*

A promissory note of a corporation was executed in the city of X. and endorsed individually by the treasurer who resided in the city of Y. and was the city clerk of Y., having an office in that city. All of the renewals of the original

note had been made at the office of the company in X. The treasurer visited this office from time to time in the transaction of the company's business, and private letters were addressed to him there, some of which he received at such times as he was present at that office. His name appeared in the directory of X. as having a place of business at the office of the company.

*Held*, that the endorser had a place of business at the office of the company in X. and a notice of dishonor addressed to him there was a compliance with the statute, Gen. Laws, 1909, cap. 200, § 114.

ASSUMPSIT. Heard on exceptions of plaintiff and sustained.

VINCENT, J. This is an action of assumpsit brought by the payee of a promissory note against the maker and endorsers. The note is as follows: "Providence, R. I., April 14, 1910. Two months after date I promise to pay to the order of Edward I. Knight seven hundred dollars at High Street Bank. Value received. Infantry Hall Auditorium Co. by Daniel D. Waterman, Treasurer." The note was endorsed by Arthur S. Fitz and Daniel D. Waterman.

The note was deposited in the High Street bank for payment. It was not paid and was protested. Notices of dishonor were sent to the endorsers on the date upon which the note matured. The notice to Daniel D. Waterman was addressed to him at 130 South Main street, Providence, R. I., which was the office of the maker of the note, the Infantry Hall Auditorium Co., of which company the said Daniel D. Waterman was, and for a long time had been, treasurer. Mr. Waterman was also at that time city clerk of the city of Cranston, the office of said city clerk being at Knightsville, in said city. The residence of the said Waterman was also in said city of Cranston. The plaintiff, who is the payee of the note, brought his action against the maker and all of the endorsers. The case was defaulted as against all of the defendants except Daniel D. Waterman.

At the trial of the case in the Superior Court, at the close of the plaintiff's testimony, the defendant Waterman made a motion that a verdict be directed in his favor on the ground that there was no evidence that the requirements of the

statute, regulating the manner and method in which endorsers should be notified, had been complied with, and that there was no testimony of personal notice to Mr. Waterman or that any notice had been sent to him at his residence or place of business. The motion was granted and the plaintiff duly excepted.

The plaintiff contends, by his bill of exceptions, that the trial court erred in directing a verdict for the defendant Waterman, (1) because the notice of dishonor sent to 130 South Main Street, Providence, was sent to a place of business of said Waterman, (2) because the notice of dishonor sent to 130 South Main Street, Providence, was sent to a place where said Waterman was accustomed to receive mail, (3) because the said Waterman actually received the notice of dishonor within the statutory period, (4) because whether 130 South Main Street, Providence, was a place of business of said Waterman should have been left to the jury, (5) because it should have been left to the jury to decide whether said Waterman was accustomed to receive mail at 130 South Main Street, Providence, and (6) because it should have been left to the jury to decide whether said Waterman actually received the notice of dishonor within the statutory period.

It is provided in and by Chapter 200, Section 114 of the General Laws of 1909, that if an endorser live in one place and have his place of business in another, notice of dishonor may be sent to either place, and further that if notice of dishonor is actually received by the endorser within the time specified by law it will be sufficient, though not sent in accordance with the requirements of said Section 114.

Mr. Waterman admits that he received the notice of dishonor two or three days afterwards, presumably meaning two or three days after the maturity of the note. Construing this statement in a way the most favorable to the plaintiff, as we are bound to do, it amounts to an admission that he actually received the notice within the statutory period.

We now come to the consideration of the remaining question,—Was the office of the Infantry Hall Auditorium Co. at

130 South Main Street, Providence, a place of business of Daniel D. Waterman? He was the treasurer of that company and, as such treasurer, there signed and endorsed the note in question. There had been several renewals of the original note and the business connected with such renewals had taken place at the same office. Mr. Waterman visited this office from time to time in the transaction of the business of the company of which he was treasurer and his name appeared in the Providence directory as having a place of business at 130 South Main Street. Private letters, that is letters relating to matters other than the business of the Infantry Hall Auditorium Co., were addressed to him at 130 South Main Street. Some of these letter were re-mailed to him at Cranston and others were received by him at such times as he was personally present at that office.

We think that Mr. Waterman had a place of business at 130 South Main Street, Providence, and that the notice of dishonor mailed to that address was a compliance with the statute and sufficient to fix his liability as endorser upon said note.

The first, second, and third exceptions of the plaintiff are sustained and the other exceptions are overruled. Having reached this conclusion and there being no dispute as to the amount involved, there is no question remaining which could be the subject of a new trial.

The defendant may have the opportunity, if he shall see fit, to appear before this court on Monday, June 30, 1913, at 10 o'clock A. M. and show cause, if any he has, why this case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff.

*Frank Steere,* for plaintiff.
*Waterman and Greenlaw,* for defendant.
*Charles E. Tilley,* of counsel.